JAJ:AK

**M0C-0928**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOHNNY MOLINA CASANOVA and
JOSE ALBERTO CEREZO,
    also known as "Jo Jo,"

         Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

       PHILIP CASTROGIOVANNI, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

       Upon information and belief, on or about and between September 19 and 20, 2009, within the Eastern District of New York and elsewhere, the defendants JOHNNY MOLINA CASANOVA and JOSE ALBERTO CEREZO, also known as "Jo Jo," did knowingly and intentionally conspire to distribute and possess with the intent to distribute a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

       (Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.    On or about September 19, 2009, defendant JOHNNY MOLINA CASANOVA arrived at Miami International Airport, in Miami, Florida, aboard American Airlines Flight 952 arriving from Guayaquil, Ecuador.  Upon arrival, Customs and Border Protection ("CBP") Officers selected CASANOVA for a secondary examination.  CASANOVA was escorted from the gate through Passport Control to Baggage Control to collect his luggage, and claimed ownership of a black "Jansport" roller bag. Additionally, CASANOVA had in his possession claim ticket #14-67-55, which matched the bag tag on the roller bag.

2.    CBP Officers observed that the bag emitted a strong perfume scent, and several jeans packed in the bag were found to be unusually heavy, with an abnormal bulkiness in the pockets.  One pair of jeans was probed, revealing a brown powdery substance which field tested positive for heroin.  CBP officers then contacted ICE Special Agents, and defendant JOHNNY MOLINA CASANOVA was placed under arrest.  The heroin imported by CASANOVA was removed from the black roller bag, and retained by ICE agents.  The approximate gross weight of the heroin imported by CASANOVA was 5.5 kilograms.

---

[1]Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

3.    Following his arrest, defendant JOHNNY MOLINA
CASANOVA was advised of his Miranda rights, which he knowingly
and voluntarily waived.  CASANOVA admitted that he knew he was
importing drugs, and stated that he would be paid $60,000 in
exchange for importing the drugs into the United States.
CASANOVA also agreed to cooperate with ICE agents in Miami,
Florida, and New York City, New York, by executing a controlled
delivery to a contact in New York City who was the intended
recipient of the drugs.

4.    Defendant JOHNNY MOLINA CASANOVA was escorted
by an ICE agent and an agent of the United States Drug
Enforcement Administration to John F. Kennedy International
Airport, located in Queens, New York ("JFK Airport").  At that
point, CASANOVA placed several consensually monitored phone calls
to an individual in Ecuador.  During these calls, CASANOVA was
instructed to wait for a telephone call from an individual
identified only as "Jo Jo."

5.    Shortly thereafter, defendant JOHNNY MOLINA
CASANOVA received a telephone call from an individual who
identified himself as Jo Jo, later identified as defendant JOSE
ALBERTO CEREZO.  This call was monitored and recorded.  CASANOVO
told CEREZO to meet him at the corner of 146th Street and
Rockaway Boulevand, in Queens, New York, and to call him
approximately ten minutes before he was to arrive at the

4

location.  ICE agents then escorted CASANOVA to the above-mentioned location.  CASANOVA was carrying a blue duffel bag to the location.

6.   Approximately 45 minutes later, defendant JOHNNY MOLINA CASANOVA received a telephone call from defendant JOSE ALBERTO CEREZO, indicating that he would be arriving at the above-mentioned location shortly.  This call was monitored and recorded.  CASANOVA then exited the vehicle and entered a Dunkin Donuts.

7.   ICE agents then observed a black Nissan Murano approach the vicinity of the above-mentioned location.  CASANOVA placed a telephone call to CEREZO, stating that he would be sitting in a Dunkin Donuts at the above-mentioned intersection.

8.   Defendant JOSE ALBERTO CEREZO was then observed exiting the black Nissan Murano, at which point he entered a blue Dodge Charger parked nearby, which was being driven by an individual later identified as Sergio Rivero.  ICE agents observed an additional passenger seated in the Dodge Charger.

9.   Several minutes later, defendant JOSE ALBERTO CEREZO exited the Dodge Charger, and returned to the Nissan Murano.  Sergio Rivero and the passenger in the Charger then entered the Dunkin Donuts in which defendant JOHNNY MOLINA CASANOVA was waiting.

10.   An ICE agent conducting surveillance from inside the Dunkin Donuts observed that Sergio Rivero and the passenger of the Dodge Charger were watching defendant JOHNNY MOLINA CASANOVA for several minutes.  CASANOVA then received a telephone call from defendant JOSE ALBERTO CEREZO, who instructed him to exit the Dunkin Donuts and walk across Rockaway Boulevard.  As CASANOVA crossed the boulevard while continuing to talk on the telephone with CEREZO, Sergio Rivero and the passenger of the Dodge Charger moved toward the window of the Dunkin Donuts, and watched defendant cross the street.

11.   ICE agents then observed defendant JOHNNY MOLINA CASANOVA approach the Nissan Murano, and speak with JOSE ALBERTO CEREZO.  CASANOVA was wearing an electronic recording device at this time.  CASANOVA then placed the blue duffel bag on the back seat of the Nissan Murano.  CEREZO was then placed under arrest.

12.   Following his arrest, defendant JOSE ALBERTO CEREZO was advised of his Miranda rights, which he knowingly and voluntarily waived.  CEREZO stated that he had been contacted by an individual in Ecuador, who instructed him to pick up a bag in

6

Queens, New York in exchange for $4,000.  CEREZO also admitted
that he knew the bag contained drugs.

WHEREFORE, your deponent respectfully requests that
defendants JOHNNY MOLINA CASANOVA and JOSE ALBERTO CEREZO
be dealt with according to law.

PHILIP CASTROGIOVANNI
Special Agent
United States Immigration and
Customs Enforcement

Sworn to before me this
21st day of September, 2009

)GE